TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Michigan Consumer Credit Lawyers
22142 West Nine Mile Road
Southfield, MI 48033
Telephone:  (248) 353-2882
Facsimile:  (248) 353-4840

*Attorneys for Plaintiff,*
*Henry Najera*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Henry Najera, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Equifax Information Services, LLC a Georgia corporation; and Wells Fargo Bank, N.A., a national association, | **JURY TRIAL DEMAND** |
| Defendants. | |

1

NOW COMES THE PLAINTIFF, HENRY NAJERA, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Phoenix, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. The Defendants to this lawsuit are:

   a. Equifax Information Services, LLC ("Equifax"), which is a Georgia corporation that maintains a registered agent in Maricopa County, Arizona; and

   b. Wells Fargo Bank, N.A. ("Wells Fargo"), which is a national association that maintains a registered agent in Maricopa County, Arizona.

## GENERAL ALLEGATIONS

6. Wells Fargo is reporting multiple charge offs on its trade line with account number 446540006050…. ("Errant Trade Line") on Plaintiff's Equifax credit file. These multiple charge offs are reported every month between December 2013 through January 2016.

7. These multiple charge offs are improper in that they inaccurately reflect the account as having been charged off multiple times. Moreover, multiple charge offs act as repeated assaults on the Plaintiff's credit score, month after month. While the negative impact of all other derogatory information on a credit score lessens over time, not so much with these multiple charge offs. Each month that a charge off is repeatedly reported as a current derogatory, it has an unduly and devastating effect on Plaintiff's credit score. There is no healing of the Plaintiff's credit score from multiple charge offs as there are from other derogatory information over time.

8. Credit reporting is a collection activity that benefits the lender. By reporting multiple charge offs, the lender is able to hold the Plaintiff's credit score as a hostage by improperly depressing it such that it is actually inaccurate until he pays the debt.

9. The multiple charge offs convey to any user or prospective of Mr. Najera's credit reports that, not only did a charge off incur on a particular date, but for

several months thereafter. These repetitive charge off notations are far more punitive and misleading than informative.

10. On or about March 13, 2016, Mr. Najera obtained his credit files and noticed the multiple charge offs on the Errant Trade Line.

11. On or about April 5, 2016, Mr. Najera submitted a letter to Equifax, disputing the multiple charge offs on the Errant Trade Line.

12. Upon information and belief, Equifax forwarded Mr. Najera's dispute to Wells Fargo.

13. On or about May 24, 2016, Mr. Najera obtained his Equifax credit file and noticed that Wells Fargo continued to report the multiple charge offs on the Errant Trade Line.

## COUNT I

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY WELLS FARGO

14. Plaintiff realleges the above paragraphs as if recited verbatim.

15. After being informed by Equifax of Mr. Najera's consumer dispute of the multiple charge offs on the Errant Trade Line, Wells Fargo negligently failed to conduct a proper investigation of Mr. Najera's dispute as required by 15 USC 1681s-2(b).

16. Wells Fargo negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15

4

USC 1681s-2(b).  Specifically, it failed to direct Equifax to remove the multiple charge offs on the Errant Trade Line.

17. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Najera's consumer credit file with Equifax to which it is reporting such trade line.

18. As a direct and proximate cause of Wells Fargo's negligent failure to perform its duties under the FCRA, Mr. Najera has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

19. Wells Fargo is liable to Mr. Najera by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

20. Mr. Najera has a private right of action to assert claims against Wells Fargo arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Wells Fargo for damages, costs, interest, and attorneys' fees.

### COUNT II

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY WELLS FARGO**

21. Plaintiff realleges the above paragraphs as if recited verbatim.

5

22. After being informed by Equifax that Mr. Najera disputed the accuracy of the information it was providing, Wells Fargo willfully failed to conduct a proper reinvestigation of Mr. Najera's dispute.

23. Wells Fargo willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

24. As a direct and proximate cause of Wells Fargo's willful failure to perform its duties under the FCRA, Mr. Najera has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

25. Wells Fargo is liable to Mr. Najera for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Wells Fargo for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

26. Plaintiff realleges the above paragraphs as if recited verbatim.

27. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Najera as that term is defined in 15 USC 1681a.

28. Such reports contained information about Mr. Najera that was false, misleading, and inaccurate.

29. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Najera, in violation of 15 USC 1681e(b).

30. After receiving Mr. Najera's consumer dispute to the Errant Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

31. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mr. Najera has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

32. Equifax is liable to Mr. Najera by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

33. Plaintiff realleges the above paragraphs as if recited verbatim.

34. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Najera as that term is defined in 15 USC 1681a.

35. Such reports contained information about Mr. Najera that was false, misleading, and inaccurate.

36. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Najera, in violation of 15 USC 1681e(b).

37. After receiving Mr. Najera's consumer dispute to the Errant Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

38. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mr. Najera has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

39. Equifax is liable to Mr. Najera by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: June 14, 2016

                      KENT LAW OFFICES

                      By: _/s/ Trinette G. Kent_
                      Trinette G. Kent
                      Attorneys for Plaintiff,
                      Henry Najera